IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CG TECHNOLOGY DEVELOPMENT, LLC,

    Plaintiff,

v.

WILLIAM HILL U.S. HOLDCO, INC. and BRANDYWINE BOOKMAKING LLC,

    Defendants.

No. 18-cv-533-RGA

## MEMORANDUM ORDER

Presently before the Court is Defendants' motion to stay. (D.I. 43). I have reviewed the parties' briefing. (D.I. 44, 52, 56).

Plaintiff's first amended complaint ("FAC") asserts infringement of U.S. Patent Nos. 9,240,098 ("the '098 patent"), 9,269,224 ("the '224 patent"), 10,096,207 ("the '207 patent"), and 9,076,305 ("the '305 patent"). (D.I. 35). The PTAB instituted *inter partes* review ("IPR") proceedings on all asserted claims of the '098, '224, and '207 patents. (D.I. 66). I denied Defendants' motion to dismiss Plaintiff's claims based on the '305 patent. (D.I. 67).

The standard for granting a stay involves consideration of three factors:

    (1) whether granting a stay will simplify the issues for trial;

    (2) whether discovery is complete and a trial date is set; and

    (3) whether granting a stay would cause the non-moving party to suffer undue prejudice from any delay, or a clear tactical disadvantage.

*Huvepharma Eood & Huvepharma, Inc. v. Associated British Foods, PLC*, 2019 WL 3802472, at *1 (D. Del. Aug. 13, 2019).

1

The pending IPRs have the potential to significantly simplify the issues for trial by invalidating all asserted claims of the '098, '224, and '207 patents. Therefore, the first factor supports granting a stay.

This case has barely begun. Defendants have yet to file answer to Plaintiff's FAC and I have not issued a scheduling order. The parties have done minimal discovery and no trial date has been set. (D.I. 44 at 3). Therefore, the second factor supports granting a stay.

Plaintiff does not have a competing product and only seeks monetary damages. (D.I. 35; D.I. 52 at 8-9). However, Plaintiff argues that it will be prejudiced due to loss in value of the asserted patents. (D.I. 52 at 9 (citing *Walker Digital, LLC v. Google, Inc.*, 2014 WL 2880474, at *1 (D. Del. June 24, 2014) (finding a non-practicing plaintiff would be prejudiced by a stay because "the longer [defendant] is allowed to engage in allegedly infringing activity, the lower the value of the patents becomes as licensing assets"))). Assuming that is true, I do not think such prejudice would be "undue." Therefore, the third factor is neutral.

Considering all circumstances, I find a stay is warranted. Therefore, Defendants' motion to stay (D.I. 43) is **GRANTED**.

IT IS SO ORDERED this 29 day of August 2019.

United States District Judge